FILED
MAR 20 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY GAV DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH HERNANDEZ, an individual,

Plaintiffs,

vs.

MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company,

Defendants.

Case No.: 3:22-cv-00824-BEN-RBB

**ORDER DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**[ECF No. 12]**

Plaintiff Elizabeth Hernandez ("Plaintiff") brings her First Amended Complaint against Mercedes-Benz USA, LLC ("Defendant") for three alleged breaches of the Song-Beverly Consumer Warranty Act, California Civil Code Section 1790 *et seq* (the "Act"). ECF No. 11.

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"). ECF No. 12. The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 19. After considering the papers submitted and applicable law, the Court DENIES-IN-PART Defendant's Motion.

I. Background

In August 2020, Plaintiff purchased a 2020 Mercedes-Benz CLA250C (the "Subject Vehicle"), a car for which Mercedes-Benz issued a written warranty. FAC ¶ 1. Plaintiff alleges the Subject Vehicle had not been sold to a private consumer before its sale to Plaintiff. *Id.*

Plaintiff presented the Subject Vehicle to Mercedes-Benz of El Cajon, a repair facility authorized by Defendant, for repairs on four separate occasions between December 2020 and February 2022. FAC ¶¶ 10-13. Among other issues, the Subject Vehicle had a reoccurring problem which caused the driver's side window to become stuck once rolled down, as well as the check engine light signaling. *Id.* Plaintiff alleges none of the repair attempts cured these defects. FAC ¶ 14. Plaintiff eventually requested Defendant repurchase the Subject Vehicle, which Defendant declined to do. FAC ¶ 17.

II. Legal Standards

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable plausible claim. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint may survive a motion to dismiss only if, taking all well pled factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss tests the "legal sufficiency" of the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003).

Where a motion to dismiss is granted, leave to amend should be liberally allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

III. Discussion

Defendant moves to dismiss all three of Plaintiff's claims under the Song-Beverly Act.

**A. Claim 1: Breach of Express Warranty**

Defendant first argues the Subject Vehicle does not meet the statutory definition of "new motor vehicle" under the Act. Plaintiff makes three arguments in return. First, she argues the Court should find *Jensen*'s much broader reading of the Act's "new motor vehicle" definition controlling. Second, Plaintiff argues her complaint is sufficiently pled even under *Rodriguez*. Finally, Plaintiff argues requiring *proof* that the Subject Vehicle meets the Act's definition of "new motor vehicle" places an inappropriate burden on Plaintiff at the pleading stage.

The elements of a claim for breach of express warranty are: (1) "the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle;" (2) "the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair;" and (3) "the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts." *Fish v. Tesla, Inc.*, 2022 WL 1552137 at *11 (C.D. Cal. 2022) (citing *Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal.App.4th 1094, 1101 (2001)). What constitutes a reasonable number of repair attempts is "a question of fact to be determined in light of the circumstances," though a defendant must be given "more than one opportunity to fix the nonconformity." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal.App.4th 785, 799 (2006). Importantly, the "refund-or-replace" provision Plaintiff seeks to invoke only applies to "new motor vehicles."

Here, the Plaintiff has pled facts supporting the three elements of an express warranty claim. *See* FAC ¶¶ 3, 10-13, 14. The only issue is whether the Subject Vehicle meets the statutory definition of a "new motor vehicle" under the Act. In the text of the Act itself, new motor vehicle is defined as "a new motor vehicle that is bought or used primarily for personal, family, or household purposes ...[and] a

dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty..." Cal. Civ. Code § 1793.22(e)(2). The last phrase, "other motor vehicle sold with a manufacturer's new car warranty," has been interpreted in two very different ways by the California Courts of Appeal. *See Jensen v. BMW of North Am. Inc.*, 35 Cal.App.4th 112, 123 (1995) and *Rodriguez v. FCA US, LLC*, 77 Cal.App.5th 209 (2022).[1] In *Jensen*, the Court held that "other motor vehicle sold with a manufacturer's new car warranty" included used vehicles sold with a remaining balance on the manufacturer's new car warranty. 35 Cal.App.4th at 123. *Rodriguez* disagrees with this construction of the definition, instead ruling that this phrase modifies "dealer-owned vehicle and a demonstrator" instead of creating a separate category. 77 Cal.App.5th at 220. The *Rodriguez* court reasoned:

> "In other words, demonstrators and dealer-owned vehicles comprise a narrow category of basically new vehicles—they have never been previously sold to a consumer and they come with full express warranties. Given this context, we think the most natural interpretation of the phrase 'other motor vehicle sold with a manufacturer's new car warranty' is that it, too, *refers to vehicles that have never been previously sold to a consumer* and come with full express warranties."

*Id.* (emphasis added). Turning to the instant case, Plaintiff makes two relevant factual allegations on this point. First, Plaintiff alleges Defendant issued a written warranty for the Subject Vehicle. FAC ¶ 1. Second, Plaintiff alleges the Subject Vehicle had not been previously sold to a private consumer prior to Plaintiff's purchase. *Id.* Although Plaintiff's statement that the Subject Vehicle "...therefore constitutes a 'new motor vehicle' under the Act..." is conclusory, the two factual allegations supporting this conclusion are not.

The question remains whether the factual allegations in the complaint are sufficient. Under *Jensen*'s reading of the statute, the allegations are certainly

[1] The Court notes *Rodriguez* was granted review by California Supreme Court.

sufficient. The Court is also inclined to find the allegations are sufficient under *Rodriguez*. All *Rodriguez* requires in this context is that the dealer-owned or demonstrator vehicle was "not previously sold to a consumer" and sold with "full express warranty." *Rodriguez*, 77 Cal.App.5th at 220. Plaintiff *has* pled the Subject Vehicle was not previously sold to a consumer, and a warranty was issued by Defendant.

Ultimately, Defendant's argument is that Plaintiff's claim fails because Plaintiff did not specify that Defendant issued a "new car" or "full" written warranty. The details of the warranty are certainly facts Plaintiff will be required to prove. The question today is whether Plaintiff is required to do so *now*, at this stage in the proceedings.[2] The Court finds Plaintiff's Complaint is sufficient. Accordingly, Defendant's motion to dismiss Plaintiff's first claim for relief is DENIED.

**B. Claim 2: Breach of Implied Warranty**

Defendant argues Plaintiff's second claim fails because only retail sellers, not manufacturers, are liable for breach of implied warranties for *used* vehicles. In response, Plaintiff argues an exception exists when a manufacturer explicitly offers a warranty for a used vehicle. Because Plaintiff spent much of her brief arguing that the Subject Vehicle meets the Act's definition of "new motor vehicle," the Court considers this an argument in the alternative.

Defendant's argument hinges on a conclusion that the Subject Vehicle is not new, but "used." If the Subject Vehicle is considered "new," then Defendant is the proper entity to be sued under the Act. Because the Court finds Plaintiff pled sufficient facts to plausibly allege the Subject Vehicle fits the Act's definition of a "new motor vehicle," the Complaint also plausibly alleges Plaintiff's implied warranty claim. Defendant's motion to dismiss Plaintiff's second claim for relief is

[2] Both parties submitted declarations in support of their briefs and made several objections to contents therein. The information contained in declarations were not part of the Court's analysis when resolving this issue. The evidentiary requests and objections are addressed in the conclusion below.

DENIED.

**C. Claim 3: Violation of Song-Beverly Act Section 1793.2(b)**

Defendant argues Plaintiff has not successfully pled a claim under this subsection because Plaintiff does not allege any single repair attempt took more than thirty days. Plaintiff does not address this argument in her response.

The relevant provision in this subsection states, "…Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days." Cal. Civ. Code § 1793.2(b).

Defendant cites to an unpublished opinion from the Ninth Circuit in support of its argument. *Schick v. BMW of North America*, LLC, 801 Fed. Appx. 519 (2020). In *Schick*, the Ninth Circuit held that "any reasonable reading of the statute…requires only that BMW complete any *single* repair attempt within 30 days." *Schick*, 801 Fed. Appx., at 521 (emphasis in original). Although unpublished, *Schick* is a reasonable interpretation of the Act and has been cited by district courts in agreement. *See Toobian v. Mercedes-Benz USA* LLC, 22-cv-07068-AB-AGR, 2022 WL 18276975 at *2 and *Glover v. Mercedes-Benz USA LLC*, 21-cv-01969-JDE, 2022 WL 2103001 at *3. In *Glover*, the district court noted a California Court of Appeals decision which had expressly declined to decide the issue of whether the thirty-day limit could be cumulative. *Glover*, at *3 (citing *Ramos v. Mercedes-Benz USA, LLC*, 55 Cal.App.5th 220, 226 n.2 (2020)) ("We have not been asked to decide whether the 30 days of failure to complete repairs must be 30 consecutive days. For purposes of this appeal, we assume plaintiff proved the 30-day failure to repair requirement without deciding the question.").

*Schick*'s reading of the statute is persuasive. Plaintiff did not plead that any single repair attempt lasted thirty days or longer. Therefore, Defendant's motion to dismiss Plaintiff's third claim for relief is GRANTED without prejudice.

**D. Defendant's Motion to Strike**

Defendant requests the Court strike, among other things, Plaintiff's request for

civil penalties. Defendant argues to trigger civil penalties, Plaintiff must prove Defendant's failure to repurchase or replace the Subject Vehicle after a reasonable number of repair attempts was willful. Cal. Civ. Code § 1794(c). Defendant also appears to imply that Plaintiff has not pled sufficient facts to show Defendant was given a "reasonable number of attempts" to repair the subject vehicle. However, as noted above, what constitutes a reasonable number of repair attempts is "a question of fact to be determined in light of the circumstances…" *Robertson*, 144 Cal.App.4th at 799. Given that Defendant allegedly made multiple attempts to repair the Subject Vehicle, it cannot be determined as a matter of law whether a reasonable number of attempts took place. Nor can it be said, at this stage, that Plaintiff's allegations cannot support an inference of willfulness as a matter of law. Accordingly, Defendant's motion to strike is DENIED.

**IV. Conclusion**

For the above reasons, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss Plaintiff's First and Second Claims for Relief is DENIED.
2. Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief is GRANTED without prejudice.
3. Defendant's Motion to Strike is DENIED.
4. Defendant's Request for Judicial Notice is GRANTED.
5. Plaintiff's Objections to the Declaration of Meghan Gallagher are DENIED as moot.
6. Defendant's Objections to Declaration of Kevin Y. Jacobson are DENIED as moot.

**IT IS SO ORDERED.**

DATED: March 20, 2023

**HON. ROGER T. BENITEZ**
United States District Judge